UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 03-10348-RGS |
| V. ) | |
| ) | |
| JOSEPH H. CASSIDY, ) | |
| Defendant ) | |

# DEFENDANT'S SENTENCING MEMORANDUM

## INTRODUCTION

The defendant, Joseph H. Cassidy, has entered a guilty plea before this Honorable Court on the above-numbered charge. The defendant submits this memorandum to assist the Court in determining an appropriate sentence to be imposed on this defendant.

## PERSONAL

Joseph H. Cassidy is a forty-seven year old single (divorced) man who resides in West Roxbury, Massachusetts with his mother with whom he has always maintained an extremely close relationship. Mr. Cassidy has two adult children from his previous marriage to Janet (Green) Cassidy. Mr. Cassidy maintains a very strong relationship with his children. Additionally, Mr. Cassidy has two sisters, Janis Quirk and Susan Touhey who he considers not only siblings but close friends. (Attached please see Exhibit 1, Letter from Mrs. Quirk and Mrs. Touhey)

## EDUCATION

Mr. Cassidy is a 1974 graduate of Roslindale High School in the City of Boston.

## EMPLOYMENT HISTORY

Mr. Cassidy has consistently maintained gainful employment throughout his adult life. He has been employed by the following companies:

1. Peabody Properties, Inc., currently receiving Worker's Compensation benefits (July, 2003 to present).

2. Peabody Properties, Inc., employed as a maintenance supervisor (October, 2000 to July, 2003, injured on the job).

3. First Realty Management Corp., employed as a maintenance supervisor (March, 1976 to April, 2000).

## THEORIES OF SENTENCING

The matter of imposing an appropriate sentence upon a defendant is a subject which has bedeviled defendants, jurists and scholars alike since the time of Plato. A truly effective sentence must take into consideration not only the interests of the defendant and his or her victim(s), but the greater interest of the society in which the criminal offense was committed. "Generally speaking there have been advanced four theories the basis upon which society should act in imposing penalties upon those who violate its laws. These are:

1. To bring about the reformation of the evildoer;

2. To effect retribution or revenge upon him;

3. To restrain him physically so as to make it impossible for him to commit further crimes: and

4. To deter others from similarly violating the law."

Commonwealth v. Ritter, Court of Oyer Terminer, Philadelphia, 1939, 13D & C 285, reprinted by Kadish and Paulsen, Criminal Law and its Processes, 3rd Edition 1975.

In an excellent discussion on the various theories of sentencing, Judge Stern in Ritter traces the philosophy of sentencing from its earliest time. Citing the work of Plato, he states:

> no one punishes those who have been guilty of injustice solely because they have committed injustices, unless indeed he punishes in a brutal and unreasonable manner. When anyone makes use of his reason in inflicting punishment, he punishes, not on account of the fault that has passed, when no one can bring it about that what has been done may not have been done, but on account of the fault to come, in order that the person punished may not again commit the fault and that his punishment may restrain from similar acts those who witnessed the punishment.

Judge Stern goes on to take note of the words of Hobbes who wrote "we are forbidden to inflict punishment with any other design than for correction of the offender, or direction of others."

Judge Stern further observed that it is the third theory of sentencing, "mainly that of restraint of the wrongdoer in order to make impossible for him to commit further crime," that forms the first legitimate basis for sentencing. He further observed that "if, therefore, there is a danger that the defendant may commit crime, society should restrain his liberty until danger be passed...". Also, it is relevant, when determining whether or not restraint by incarceration is necessary, that the court take into consideration the history of the defendant as well as the circumstances surrounding the crime with which he has been convicted.

The last and perhaps most important objective of sentencing is that of deterrence. It may

be stated that this theory holds that the punishment imposed upon a particular defendant is not to be regarded as an end in of itself but rather the means to an end; namely, deterring others from committing crime. As the theory goes, if a multiple number of prospective offenders may be dissuaded from their criminal acts by their becoming aware of the sentence imposed on a specific defendant, then society's interest in both the punishment and prevention of crime has been satisfied.

## EVENTS LEADING UP TO AND ACTIONS DURING THE CRIMINAL ACTIVITY

During Mr. Cassidy's employment with First Realty Management Corp. he was subject to suffering from seizures. In order that Mr. Cassidy be safe from such seizures he found it necessary to seek a private, secure setting during the onset of the seizure and a place to rest after the seizure passed prior to returning to his duties as maintenance supervisor. It was the need for such a setting that caused Mr. Cassidy to embark down the road of criminal activity as set forth in the Government's Statement of Relevant Facts. (Attached as Exhibit 2) Neither Mr. Cassidy nor counsel is attempting to justify his actions but merely offers to the Court an explanation of what would cause a man with a successful career and strong family ties to commit his first unlawful act.

## MITIGATING FACTORS

Physical status of the defendant.

1. Seizures; currently being treated by Dr. Fulton R. Kornack and presently prescribed Tegratol (1200 mg) daily.

2. Back injuries; currently being treated by Dr. Marciello and Dr. Kornack for mechanical back pain syndrome and left lumbar radiculitis to the L4-5

disk bulge. Whether or not surgery is an option is unclear at this time. Defendant is currently prescribed Ibuprofen 800 mg. and anti-inflammatory injections.

3. Diverticulosis; has undergone two colon surgeries and requires daily dosages of fiber tablets.

## ANALYSIS AND DISCUSSION

No one at least of all the defendant, Joseph H. Cassidy, will contest the seriousness of the charges against him. The defendant has worked hard his entire life and wishes to be a productive member. The defendant respectfully requests this Honorable Court take into consideration the matters discussed herein in determining the appropriate sentence to be imposed in this case.

Respectfully submitted by
Defendant's attorney,

Michael F. Hanley/BBO#628450
HANLEY, HASSETT & FITZSIMMONS
500 Granite Avenue
Milton, Massachusetts 02186
(617) 298-8900

DATED:
8-26-04